UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER LOGAN JETT, | ) | | |
|---|---|---|---|
| Plaintiff, | ) ) ) | | |
| v. | ) | No. | 3:20-CV-365-DCLC-HBG |
| ANDERSON COUNTY, TN, RIDGEVIEW MENTAL HEALTH SERVICES, and JAMES LANDRY, | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC") housed in the Anderson County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2], as well as a motion for leave to proceed *in forma pauperis* and his prison trust account statement [Docs. 1 and 5]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening Plaintiff's complaint.

**I.   FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and his prison trust account statement [Docs. 1 and 5] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is a prisoner of TDOC, he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his

inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide copy of this memorandum and order to the Court's financial deputy, the custodian of inmate accounts at Plaintiff's current institution, and the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to

a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. COMPLAINT ALLEGATIONS

Plaintiff alleges that he has sought mental health treatment at the Anderson County Detention Facility due to his various mental health issues, but this facility contracts such services to Defendants Ridgeview Mental Health Services and James Landry, who have told Plaintiff that they cannot provide him with mental health treatment because he is a TDOC prisoner pursuant to their contract with Defendant Anderson County [Doc. 2 p. 4]. Plaintiff has sued Anderson County, Ridgeview Mental Health Services, and James Landry, and seeks injunctive, declaratory, and monetary relief [*Id.* at 3, 5].

### C. ANALYSIS

Liberally construing the complaint in Plaintiff's favor, the Court can plausibly infer that Defendants Ridgeview Mental Health Services and James Landry, as state actors, have deliberately disregarded Plaintiff's need for mental health treatment because he is a TDOC prisoner in violation of his rights under the Eighth Amendment pursuant to a custom or policy of Defendant Anderson County. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of §1983); *Estelle v. Gamble*, 429 U.S. 97 (1976) (providing that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only

3

Case 3:20-cv-00365-DCLC-HBG   Document 6   Filed 08/26/20   Page 3 of 5   PageID #: 17

where its official custom or policy causes a constitutional rights violation). Accordingly, this claim will proceed as to all Defendants.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined;

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

6. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court may dismiss this action;

8. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

4

Case 3:20-cv-00365-DCLC-HBG   Document 6   Filed 08/26/20   Page 4 of 5   PageID #: 18

**SO ORDERED**.

**E N T E R**:

s/Clifton L. Corker<br>
United States District Judge