# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHRISTOPHER LOGAN JETT, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:20-CV-365-DCLC-HBG |
| ANDERSON COUNTY, TN, RIDGEVIEW MENTAL HEALTH SERVICES, and JAMES LANDRY, | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's claim that Defendants denied him mental health treatment because he is a Tennessee Department of Correction prisoner [Doc. 6 p. 3]. Now before the Court is Plaintiff's notice of change of address [Doc. 44] and motion for default judgment [Doc. 40], as well as Defendants Landry and Ridgeview's joint motion to dismiss and/or for summary judgment [Doc. 33]. For the reasons set forth below, Plaintiff's motion for default judgment [Doc. 40] will be **DENIED** and the Court will dismiss this action *sua sponte* for want of jurisdiction. Accordingly, Defendants Landry and Ridgeview's motion to dismiss and/or for summary judgment [Doc. 33] will be **DENIED as moot**.

## I. MOTION FOR DEFAULT

Plaintiff's motion for default judgment [Doc. 40] is procedurally improper and without merit. First, Plaintiff has requested entry of a default judgment without complying with the two-step process contemplated by Rule 55 of the Federal Rules of Civil Procedure. Pursuant to Rule 55(a), a plaintiff must first move for a Clerk's entry of default, demonstrating that a defendant has

failed to plead or defend. *See* Fed. R. Civ. P. 55(a). If a default is entered, then the plaintiff may move the Court for entry of default under Rule 55(b). *See* Fed. R. Civ. P. 55(b). In this case, Plaintiff did not comply with this two-step process by seeking a Clerk's entry of default prior to seeking default judgment, and therefore his motion is improper. *See, e.g., Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk.").

Moreover, even if Plaintiff had properly sought the Clerk's entry of default pursuant to Rule 55(a) in his motion, any such request would have been without merit, as, at the time that Plaintiff filed his motion, Defendant Anderson County had already filed its answer to Plaintiff's complaint [Doc. 20] and Defendants Landry and Ridgeview had already filed their joint motion to dismiss this action pursuant to Rule 12(b)(6) [Doc. 33], and therefore were not required to file an answer until fourteen days after the Court ruled on that motion. Fed. R. Civ. P. 12(a)(4)(A).

Thus, Plaintiff's motion for default judgment [Doc. 40] will be **DENIED**.

## II. SUA SPONTE DISMISSAL

Plaintiff's only claim proceeding herein arises out of his allegation that Defendants denied him mental health treatment while he was in the Anderson County Detention Facility due to his status as a prisoner of the Tennessee Department of Correction [Doc. 6 p. 3–4]. However, while Plaintiff seeks compensatory damages for this claim [Doc. 2 p. 5], he has not alleged any physical injury resulted from this constitutional violation [*Id.* at 3–4]. Accordingly, Plaintiff's request for compensatory damages is not cognizable under § 1983, as prisoners cannot recover for emotional or mental injury resulting from a constitutional violation under § 1983 absent a prior physical injury that is more than *de minimis*. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *see also* 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Thus, Plaintiff may only pursue injunctive and/or declaratory relief for his claim proceeding herein, which he has done [*Id.* at 5]. However, his requests for declaratory and injunctive relief resulting from this alleged constitutional violation are now moot, as Plaintiff's notice of change of address [Doc. 44] establishes that he is no longer in the Anderson County Detention Facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility).

Thus, the Court lacks jurisdiction over Plaintiff's only remaining claim for relief under § 1983, and this action will be **DISMISSED**. *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte"). Accordingly, Defendants Landry and Ridgeview's joint motion to dismiss and/or for summary judgment [Doc. 33] will be **DENIED as moot.**

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for default judgment [Doc. 40] will be **DENIED**;

2. This action will be **DISMISSED** for want of jurisdiction;

3. Defendants Landry and Ridgeview's joint motion to dismiss and/or for summary judgment [Doc. 33] will be **DENIED as moot**; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED:**

                         <u>s/Clifton L. Corker</u>
                         United States District Judge